Andrew W. Gray
2450 Eutaw Place
Baltimore, MD 21217
AttorneyAndrewGray@Yahoo.com
410-522-0998
AIS 9212160019
BAR ID 22314

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | Case No. 22-00106-ELG |
| HP BENNETT, LLC | * | Chapter 7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| IN RE: | * | Case No. 21-00249-ELG |
| Baltimore Harlem Park Investment, LLC | * | Chapter 11 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MOTION FOR RECONSIDERATION</u>**

Hutchinson Holdings, LLC, Movant/Creditor ("HH"), by and through its undersigned attorney, Andrew W. Gray, moves pursuant to Bankruptcy Rules 9023 and 9024 and Rules 59 and 60 F. R. Civ. P. for an order (a) vacating the Order Denying Motions for Relief entered October 23, 2023 and (b) modifying the automatic stay in both of these cases to permit Hutchinson Holdings to move forward in its state foreclosure matter regarding 906 Bennett Place, Baltimore, MD 21223 (the "Property").

## THE REOPENING OF THE STATE FORECLOSURE
## WAS REQUIRED UNDER MARYLAND LAW

The heart of the issues before this Court in oral arguments on October 18, 2023, was the grounds for reopening Hutchinson Holdings v. HP Bennett, LLC, *et al.*, Baltimore City Circuit Court Case Number 24-C-21-001630 (the "State Matter").   As noted by counsel for the debtors in oral arguments, the State Matter was timely filed, flowing out of a tax certificate on the Property.   The Circuit Court for Baltimore City administratively dismissed the case on July 18, 2022 on the narrow and specific grounds that HH had "failed to file and Affidavit of Compliance/Request for Judgment in compliance with the Pre-Trial Scheduling Order." (Exhibit A).   On November 22, 2022 HH filed in the State Matter a Motion to Reopen and Defer Dismissal Nunc Pro Tunc and Suggestion of Bankruptcy.   On December 13, 2022, Chapter 7 Trustee Patricia B. Jefferson filed in the State Matter a motion in opposition to the reopening of the State Matter.   After considering both motions and without the benefit of oral arguments, Judge Jennifer Schiffer did on April 5, 2023 sign an Order Vacating Order Dismissing Case and Staying Proceedings.   (Exhibit B).   Judge Schiffer's order specifically states that "the Order Dismissing Case (Paper No. 25000), entered July 19, 2022, be and the same hereby is, **VACATED** on the grounds that Defendant HP Bennett, LLC filed a Chapter 7 petition in the U.S. Bankruptcy Court for the District of Columbia on June 23, 2022."

Judge Schiffer's order goes on in a footnote to cite Kochar v. Amar Nath Bansal, 222 Md. App, 32 (2015) which is an opinion issued by the Court of Special Appeals of Maryland. Kochar appears to be the highest ruling in Maryland regarding the effect of an automatic stay in regards to state court action taken during the pendency of the automatic stay provide by 11 U.S.C. Section 362(a).   Writing for the Court of Special Appeals of Maryland, Judge Deborah S. Eyler wrote that

"Congress enacted section 362(a), which, as stated above, causes an automatic stay, binding on all people and entities, to take effect immediately upon the filing of a bankruptcy petition." 222 Md. App. at 38. The effect of Kochar is clear – any act taken in a state matter in Maryland during the pendency of a bankruptcy is not voidable but void. Judge Schiffer wrote in her footnote that the "section 362(a) automatic bankruptcy stay divests a state court of jurisdiction, and consequently any action by a state court in violation of the stay is void *ab initio*." Judge Schiffer properly applied Kochar in the State Matter, which is still open today, as reflected in the current docket for the State Matter which reflects the State Matter as "Reopened/Active." Exhibit C. It is the position of Maryland Courts that any action taken in a state matter is void *ab initio* while one of the defendants to that matter is in bankruptcy

This is exactly the case in the present matter. As noted in both oral arguments before Judge Gunn as well as in HH's Motion in Response to Motion to Determine Amount of Secured Claim, Ruby Jude City LLC ("RJC") did file a Suggestion of Bankruptcy in the State Matter on October 21, 2021. However, under Maryland law and Maryland's interpretation of the automatic stay of 11 U. S. C. Section 362(a), all actions in the State Matter, whether by private parties or the Court itself, were void not by the filing of the Suggestion of Bankruptcy, but by RJC's bankruptcy filing. All deadlines in the State Matter that came after RJC's bankruptcy filing were tolled, and so too all actions taken in the State Matter were void *ab initio*. While the docket states "Reopened" for the State Matter, a more accurate statement is that the State Matter is simply Open, as the Circuit Court under Kochar did not have the authority or jurisdiction to take any action in the State Matter – dismissal of the State Matter was void *ab initio*. The State Matter is frozen from the date of RJC's bankruptcy filing. Thus, HH retains its senior lien on the Property.

## THIS COURT DOES NOT HAVE AUTHORITY

## TO REVIEW THE CIRCUIT COURT'S

## ORDER REOPENING THE STATE MATTER

While it involves federal law, Judge Schiffer's Order Reopening the State Matter was an application of state law to a state case in that Maryland takes a bright line view of the effect of the automatic stay under Kochar: once a defendant in a state matter in Maryland files for bankruptcy, regardless of where the bankruptcy is filed, all actions in any Maryland court are void *ab initio*.

It is a well-established principal of Federalism that state courts have wide discretion to control their dockets, especially in the application of state law.   United States Constitution, Amendment X.   Two Supreme Court cases apply to this instance, Rooker v. Fidelity Trust Co., 263 U. S. 413 (1923) and District of Columbia Court of Appeals v. Mark Feldman, 460 U. S. 462 (1983), which are collectively known as the Rooker-Feldman Doctrine, which stands for the principal that, with the exception of the United States Supreme Court, Federal Courts can not review state court rulings regarding state law.   This Court can not review the Circuit Court of Baltimore City's decision in the State Matter to reopen or, more accurately, to acknowledge that the State Matter remained and remains open as the Order Dismissing the State Matter was void *ab initio*.   Because the Rooker-Feldman doctrine relates to the subject matter jurisdiction of this Court, it may be raised on a motion under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure.

## GRANTING THE MOTIONS FOR

## RELIEF FROM STAY WOULD BE EQUITABLE

It would be fair, equitable and proper under the doctrines of bankruptcy law to lift the automatic stay and permit HH to complete their foreclosure in the State Matter of the Property.   The

Property does not appear to be a part of any Chapter 11 plan, and as established by the October 18, 2023 testimony of Franklin Bowles, the managing member of HH, the value of the property is considerably less than the cost of redeeming the Property from tax sale and paying all outstanding municipal obligations.   However, to not lift the stay would be an extreme punishment of HH and an unmerited windfall for the debtors in these matters.

There is no need to determine whether or not HH violated the automatic stay of 11 U. S. C. Section 362(a), as Judge Schiffer makes clear: the mere fact of HP Bennett, LLC's Chapter 7 filing prior to the dismissal of the State Matter – and in actual fact, RJC's Chapter 11 bankruptcy filing on October 21, 2021 - voided any action taken in the State Matter after the date of the Chapter 7 filing.  As a matter of state law, the July 18, 2022 Order Dismissing Case was void *ab* initio and of no effect.

It should be noted that during oral arguments before Judge Gunn on October 18, 2023, Andrew W. Gray, attorney for HH, read Judge Schiffer's April 5, 2023 Order Vacating Order Dismissing Case and Staying Proceedings into the record.   Judge Schiffer's Order was and is properly before this Court.

## **CONCLUSION**

In reopening the State Matter, Judge Schiffer was applying state law to a state case, which can not be reviewed by this Court.   The State Matter is currently open and pending, but administratively stetted by these bankruptcies, awaiting the ruling of this Court regarding the Property.   The Property is not necessary for any bankruptcy reorganization, and to deny Hutchinson Holdings the opportunity to complete the foreclosure of the State Matter would be a prejudicially harsh divestment of property rights.

WHEREFORE, Hutchinson Holdings, LLC prays that the Order Denying Motions for Relief signed October 23, 2025 be vacated and the automatic stay be lifted in both of these matters and Hutchinson Holdings may move forward in their state foreclosure matter regarding 906 Bennett Place, Baltimore, MD 21223 and for such other relief at law and in equity which the Court deems meet and proper.

   /s/ Andrew W. Gray   
ANDREW W. GRAY, ESQ.
Bar ID 22314
2450 Eutaw Place
Baltimore, Maryland 21217
AttorneyAndrewGray@Yahoo.com
(410) 522-0998
AIS #9212160019
Attorney for Hutchinson Holdings, LLC

C:\MOTIONRECON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2023, a true copy of the foregoing was served electronically upon filing via the ECF system

   /s/ Andrew W. Gray   
ANDREW W. GRAY, ESQ.