Patricia B. Jefferson
 Fed. Bar. No. 27668
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3406
Email: bktrustee@milesstockbridge.com
*Counsel to Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** <br><br> **HP BENNETT, LLC,** <br><br> **Debtor.** | **Case No. 22-00106-ELG** <br> **Chapter 7** |

### CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE SETTLEMENT WITH HUTCHINSON HOLDINGS, LLC AND (II) APPROVE SALE OF PROPERTY OF THE ESTATE, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Patricia B. Jefferson, Chapter 7 Trustee (the "Trustee") of the estate of HP Bennett, LLC (the "Debtor"), by and through undersigned counsel, hereby moves this Court for (I) approval of a settlement with Hutchinson Holdings, LLC ("Hutchinson Holdings") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (II) approval of the sale of the real property and improvements known as 906 Bennett Place, Baltimore, MD free and clear of liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code, and in support thereof states as follows:

### JURISDICTION

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

2. This contested matter is a core proceeding pursuant to 28 U.S.C § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

4. On June 23, 2022, Ruby Jude City, LLC ("Ruby Jude") commenced the above-captioned case by filing an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor.

5. On October 7, 2022, the Court entered an Order Granting Motion to Resolve Election [Dkt. No. 44], which confirmed the election of Patricia B. Jefferson as Trustee.

6. The Debtor owns 906 Bennett Place, Baltimore, MD 21223 (the "Property").

7. Prior to the present bankruptcy case, a tax certificate for the Property was sold at tax sale in the amount of $26,254.88. On or about May 13, 2019, the Director of Finance for the City of Baltimore sold the tax certificate for the Property to the Mayor and City Council, who thereafter assigned the certificate to Hutchinson Holdings.

8. On April 16, 2021, Hutchinson Holdings filed a Complaint to Foreclose Rights of Redemption for the Property in the Circuit Court for Baltimore City, case number 24C21001630 ("Tax Foreclosure Case").

9. The Circuit Court dismissed the Foreclosure Case on July 19, 2022 based on Hutchinson Holdings' failure to comply with the scheduling order or seek any extension of its deadlines.

10. On November 4, 2022, Hutchinson Holdings filed a motion to reopen the Foreclosure Case. The Circuit Court subsequently granted the motion to reopen and stayed the proceedings.

11. On July 18, 2023, Ruby Jude filed a Motion to Determine the value of Hutchinson Holdings' interest in the Property ("Motion To Value Lien"), asserting that Hutchinson Holdings' tax certificate is void as a matter of Maryland law, and that as a result its interest in the Property

2

should be valued at zero dollars. Alternatively, Ruby Jude asserts in the Motion to Value Lien that if the tax certificate is valid, the value should be far less than the amount Hutchinson Holdings claims is due and owing. Hutchinson Holdings filed an opposition to the Motion To Value Lien on August 4, 2023.

12. Following extensive discussions and negotiations over a period of multiple months, the Trustee, Ruby Jude, and Hutchinson Holdings have reached a global resolution as memorialized in the settlement agreement attached hereto as **Exhibit A** (the "Settlement Agreement") whereby, *inter alia*,

   a. Hutchinson Holdings shall be entitled to an allowed, secured claim against the Property in the amount of $45,000 (the "Secured Claim").

   b. Hutchinson Holdings shall be entitled to include the full amount of the Secured Claim as part of the consideration in any purchase of the Property from the Estate.

   c. The Trustee shall sell the Property to Hutchinson Holdings or its designee (the "Purchaser") for the total purchase price of $67,500 (the "Purchase Price"), which shall include a credit in the full amount of the Secured Claim, plus $22,500 of cash to the Estate (the "Sale").

   d. The sale shall be free and clear of all liens, claims and interests, provided however that Hutchinson Holdings shall be responsible for payment of (i) any liens senior to Hutchinson Holdings, including any outstanding taxes, and (ii) all closing costs, such that the Bankruptcy Estate shall receive the full amount of $22,500 at closing on the sale of the Property.

  e. Beginning on the Effective Date of the Settlement Agreement, Hutchinson Holdings shall be solely responsible for maintaining insurance coverage for the Property and shall release the Trustee from any obligation to maintain insurance on the Property.

  f. Closing of the Sale shall occur within 10 days after the Effective Date, to be handled by a title company selected by Purchaser.

  g. At the Closing, the Trustee shall deliver to Purchaser a trustee's deed for the Property, containing special warranty of title against claims arising under the Trustee's tenure, and Purchaser shall deliver the Purchase Price to the Trustee.

## **LEGAL BASIS FOR RELIEF**

### Approval of Compromise

13. Rule 9019(a) of the Federal Rule of Bankruptcy Procedure authorizes a bankruptcy court to approve compromises or settlements. Rule 9019(a) affords the Court broad authority to consider and approve compromises and settlements to avoid the time and expense of litigating controversial claims. *In re Frye*, 216 B.R. 166, 170 (Bankr. E.D. Va. 1997).

14. The standard for evaluating a proposed settlement is whether the compromise is in the best interests of the estate and is not attended by fraud or other inequitable circumstances which would shock the court's conscience. *See Protective Comm. for Indep. Stockholders of T.M.T. Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414 (1968). A court must make an informed, independent judgment of the advisability of a proposed settlement considered in light of all relevant circumstances. *See Id*. at 424.

15. In reviewing the proposed settlement, "the court is to consider the probability of the trustee's success in any ensuing litigation, any collection difficulties, the

complexity, time and expense of the litigation, and the interests of creditors with proper deference to their reasonable views." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995). However, the court should not substitute its judgment for that of the trustee or debtor in possession in deciding to enter into a proposed compromise. *See Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd* 50 B.R. 764 (S.D.N.Y. 1985).

16. To approve a settlement, the Court need not determine that the debtor or trustee ultimately would prevail in the litigation. *Austin*, 186 B.R. at 400. The Court may approve a settlement, even in the face of objections, so long as the settlement is in the best interest of the estate as a whole and does not fall "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citing *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir.), *cert. denied*, 464 U.S. 822 (1983)).

17. Settlements are to be encouraged by the courts, and it should not be the intention of courts to discourage them. *See U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001), *aff'd* 61 Fed. Appx. 860 (4th Cir. 2003).

18. Here, it would be in the best interest of the Estate to enter into the Settlement Agreement. The Settlement Agreement saves time, costs, and the uncertainly of the Motion to Value Lien. As set forth below, the Estate will benefit from the Settlement Agreement.

19. Equally, with the passage of time, the cost of maintaining and insuring the Property has become a burden upon the Estate. Through this Settlement, the Estate will receive $22,500 and eliminate the burden the Property places on the Estate.

20. As a result, the Settlement Agreement is a beneficial agreement for the Estate.

<u>Sale Free and Clear of Liens, Claims and Interests</u>

22. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

23. Pursuant to Section 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied.

1. applicable nonbankruptcy law permits sale of such property free and clear of such interest;
2. such entity consents;
3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
4. such interest is a bona fide dispute; or
5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see In re Leckie Smokeless Coal Co.,* 99 F.3d 573, 581 (4th Cir. 1996) (court may approve sale "free and clear" provided at least one of the subsections is met).

24. Ruby Jude filed a Proof of Claim [Claim No. 1-1] which establishes a lien on the Property totaling $7,147,153.98. The lien arises from a judgment recorded among the records of the Circuit Court for Baltimore City, Maryland in favor of Manufacturers and Traders Trust Company ("<u>M&T Bank</u>"). On or about March 26, 2014, M&T Bank assigned its lien to Ruby Jude pursuant to an Assignment of Indemnity Deed of Trust and Security Agreement and Assignment of Lessor's Interest in Leases Dated June 27, 2008.

25. A title search of the Property reveals the following:

a) A Deed of Trust in favor of Baltimore Community Development Financing Corporation in the original principal amount of $735,000, dated November 13, 1997 and recorded among the Land Records of Baltimore City,

6

Maryland in Book 6826, page 14. This mortgage was subordinated to the Ruby Jude Mortgage (described below) pursuant to an Intercreditor and Subordination Agreement dated June 25, 2008 and recorded among the Land Records of Baltimore City, Maryland in Book 10844, page 416 (the "<u>Subordination Agreement</u>");

b) A Deed of Trust in favor of Baltimore Community Development Financing Corporation in the original principal amount of $82,227, dated November 13, 1997 and recorded among the Land Records of Baltimore City, Maryland in Book 6826, page 72. This mortgage was subordinated to the Ruby Jude Mortgage (described below) pursuant to the Subordination Agreement.

c) A Deed of Trust in favor of the Mayor and City Council of Baltimore, acting by and through the Department of Housing and Community Development ("<u>DHCD</u>"), beneficiary, Daniel P. Henson, III, Commissioner of DHCD, Trustee, in the original principal amount of $576,000.00, dated November 11, 1997 and recorded among the Land Records of Baltimore City, Maryland in Book 6826, page 130 ("<u>DHCD Mortgage</u>"). This mortgage was subordinated to the Ruby Jude Mortgage (described below) pursuant to the Subordination Agreement.

d) A Deed of Trust in favor of M&T Bank, successor in interest to Bradford Bank, in the original principal amount of $3,650,000 dated July 10, 2008 and recorded among the Land Records of Baltimore City, Maryland in Book 10844, page 361 (the "<u>Ruby Jude Mortgage</u>"), which mortgage was

7

     assigned to Ruby Jude pursuant to an Assignment of Indemnity Deed of Trust and Security Agreement and Assignment of Lessor's Interest in Leases dated March 26, 2014.

  e) An Indemnity Deed of Trust and Security Agreement dated January 28, 2011 in favor of Katherine W. O'Connor in the maximum principal amount of $700,000, recorded among the Land Records of Baltimore City, Maryland in 13305, page 423 (the "O'Connor Mortgage").

  26. Other than the liens described above, the Trustee is not aware of any other liens, claims or encumbrances against the Property. The Trustee does not seek to sell the Property free and clear of any claims or liens held by taxing authorities, which Hutchinson Holdings shall pay at closing.

  27. The Trustee submits that the provisions of Section 363(f) of the Bankruptcy Code are met with respect to each of the liens noted above, for the following reasons:

  a) With respect to the liens held by Baltimore Community Development Financing Corporation and the Mayor and City Council of Baltimore, there are at least two legal and equitable proceedings under applicable Maryland law that would permit a sale of the Property free and clear of such liens: first, a foreclosure sale by Ruby Jude would serve to extinguish those liens, which were subordinated to the Ruby Jude Mortgage, as noted above. Second, under the Tax Foreclosure Case, if Baltimore Community Development Financing Corporation and/or the Mayor and City Council of Baltimore does not redeem the Property from tax sale, their liens would be

    extinguished. Each of these proceedings satisfies the requirements of Section 363(f)(1).

  b) With respect to the Ruby Jude Mortgage, upon information and belief, Ruby Jude consents to the relief sought herein, including the sale free and clear of the Ruby Jude Mortgage.

  c) With respect to the O'Connor Mortgage, there are at least two legal and equitable proceedings under applicable Maryland law that would permit a sale of the Property free and clear of such liens: first, a foreclosure sale by Ruby Jude would serve to extinguish those liens, which were subordinated to the Ruby Jude Mortgage, as noted above. Second, under the Tax Foreclosure Case, if Baltimore Community Development Financing Corporation does not redeem the Property from tax sale, its liens would be extinguished. Each of these proceedings satisfies the requirements of Section 363(f)(1).

28. Should Ruby Jude foreclose on the Properties, each junior lienholder's interests would be extinguished pursuant to Maryland law. *See* Md. Code Ann., Real Prop. § 7-105(c) ("A sale made pursuant to this section, §§ 7-105.1 through 7-105.10 of this subtitle, or the Maryland Rules, after final ratification by the court and grant of the property to the purchaser on payment of the purchase money, has the same effect as if the sale and grant were made under decree between the proper parties in relation to the mortgage or deed of trust and in the usual course of the court, and operates to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust.").

9

29. Section 363(f)(5) "does not require that the sale price for the property exceed the value of the interests." *In re Boston Generating, LLC*, 440 B.R. 302, 333 (Bankr. S.D.N.Y. 2010). Furthermore, the "existence of judicial and nonjudicial foreclosure and enforcement actions under state law can satisfy section 363(f)(5)." *Id.* (citing *In re Jolan, Inc.*, 403 B.R. 866 (Bankr. W.D. Wash. 2009)). Therefore, a foreclosure would compel each entity to accept a money satisfaction of their interests thereby satisfying Section 363(f)(5).

30. Accordingly, the Court should authorize the Trustee's sale of the Property, free and clear of any and all liens, claims, interest, and encumbrances other than any liens or claims arising on account of unpaid taxes or governmental obligations.

31. To the best of the Trustee's knowledge, neither Hutchinson Holdings nor its principal, Frank Bowles, has any affiliation with the Debtor or any of the Debtor's members, with the Trustee or any employee of the Trustee's law firm, or with any other creditor. The negotiation of the Purchase Price has been at arms length and not subject to any improper influence. The Trustee believes that Hutchinson Holdings is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to the protections of that subdivision.

32. The Trustee believes that the Purchase Price is fair and reasonable and that the sale of the Property to Hutchinson Holdings is in the best interests of the parties and the creditors of this Estate, under the terms and conditions set forth in this Motion.

33. Accordingly, the Trustee requests that the Court enter an order approving the Contract and the sale of the Property as described in this Motion.

**CONCLUSION**

34. Notice of the Trustee's Motion will be provided to all creditors and interested parties.

35. Baltimore Community Development Financing Corporation, the Mayor and City Council of Baltimore, and Katherine W. O'Connor have not filed proofs of claim. The Trustee requests that each party be given 30 days from the date of entry of an order granting this motion to file a proof of claim.

36. Pursuant to Local Rule 9013-1(b)(2), the Trustee is not filing a memorandum to support and will rely solely upon the Motion as filed.

WHEREFORE, the Trustee requests that this Court enter an Order:

A. Allowing Hutchinson Holdings a secured claim against the Property in the amount of $45,000;

B. Authorizing the Trustee to sell the Properties to Hutchinson Holdings or its designee, free and clear of all liens, claims, encumbrances, or interests arising pre- or post-petition, other than any liens or claims arising on account of unpaid taxes or governmental municipal obligations;

C. Authorizing the Trustee to deliver a Special Warranty Deed transferring the bankruptcy estate's interest in the Properties to Hutchinson Holdings or its designee and to sign all such documents as are necessary to effectuate the sale of the Property;

D. Finding that adequate notice of this Motion and any hearings thereon was given to all appropriate parties in interest;

E. Directing any lien holder who has not filed a proof of claim to do so within 30 days of the date of entry of a sale order;

F.  Finding that Hutchinson Holdings is purchasing the Property in good faith and is entitled to the protections of 11 U.S.C. § 363(m);

G.  Waiving the 14-day stay of the Order pursuant to Federal Rule of Bankruptcy Procedure 6004; and

H.  Granting such other further relief as it deems just and proper.

DATED: December 5, 2023                          Respectfully submitted,

*/s/ Patricia B. Jefferson*

Patricia B. Jefferson
 Fed. Bar. No. 27668
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3406
Email: bktrustee@milesstockbridge.com

*Counsel to Chapter 7 Trustee*

114693\000038\4869-1512-2068.v5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2023, an electronic copy of the foregoing Motion to (I) Approve Settlement with Hutchinson Holdings, LLC and (II) Approve Sale of Property of the Estate, Free and Clear of Liens, Claims and Encumbrances was served electronically by the Court's CM/ECF system on the following:

- **Kristen S. Eustis:** Kristen.S.Eustis@usdoj.gov
- **Michael T. Freeman:** michael.t.freeman@usdoj.gov
- **Andrew W Gray:** attorneyandrewgray@yahoo.com
- **James C Olson:** jolson@jamesolsonattorney.com
- **Maurice Belmont VerStandig:** mac@mbvesq.com

I HEREBY FURTHER CERTIFY that on December 5, 2023, a copy of the foregoing Motion to (I) Approve Settlement with Hutchinson Holdings, LLC and (II) Approve Sale of Property of the Estate, Free and Clear of Liens, Claims and Encumbrances was served via U.S. Mail, postage prepaid, on:

HP Bennett, LLC
6718 Holabird Avenue
Baltimore, MD 21222

Baltimore Community Development
Financing Corporation
Attn: Executive Vice President
36 S. Charles Street, Suite 1510
Baltimore, MD 21201

Baltimore Community Lending, Inc.
875 Hollins Street, Suite 301
Baltimore, MD 21201

Baltimore Community Lending, Inc.
c/o Michael A. Brown, Resident Agent
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1200
Baltimore, MD 21201

Mayor and City Council of Baltimore
417 E. Fayette St. Room 355
Baltimore, MD 21202

Hutchinson Holdings, LLC
910 Bennett Place
Baltimore, MD 21223

Ruby Jude City, LLC
c/o The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

Katherine W. O'Connor
100 West Road, Suite 215
Towson, MD 21204

Shapiro & Olander
Attn: Lonnie M. Ritzer, Esq.
36 S. Charles Street
2000 Charles Center South
Baltimore, MD 21201

HP Bennett, LLC
c/o Robert Griffin, Resident Agent
6718 Holabird Avenue
Baltimore, MD 21222

114693\000038\4869-1512-2068.v5

| | |
|---|---|
| Baltimore City Department of Finance<br>Attn: Director of Finance<br>100 North Holliday Street<br>Baltimore, MD 21202 | Mayor and City Council of Baltimore<br>100 North Holliday Street, Suite 400<br>Baltimore, MD 21202 |
| Mayor and City Council of Baltimore<br>c/o Department of Housing and Community Development<br>417 E. Fayette Street, 14th Floor<br>Baltimore, MD 21202 | Daniel P. Henson, III, Trustee<br>417 East Fayette Street, 14th Floor<br>Baltimore, MD 21202 |
| Michael A. Brown, Substituted Trustee<br>Sherita D. Harrison, Substituted Trustee<br>The Tide Building, Suite 300<br>1010 Hull Street<br>Baltimore, MD 21230 | M. Arnold Politzer, Substituted Trustee<br>401 Washington Avenue, Suite 803<br>Towson, MD 21204 |
| Lonnie M. Ritzer, Trustee<br>19 Eastlake Drive<br>Palm Coast, FL 32137 | Ann Cleary Gordon, Trustee<br>36 South Charles Street, 20th Floor<br>Baltimore, MD 21201 |
| Mary Ann Hamel & Ellyn S. Butler, Trustees<br>100 West Road, Suite 215<br>Towson, MD 21204 | Baltimore City Law Department<br>City Hall, Room 100<br>100 N. Holliday St<br>Baltimore, MD 21202<br>Attn: Chief Solicitor Real Estate/ Corporate |

*/s/ Patricia B. Jefferson*
Patricia B. Jefferson

14

114693\000038\4869-1512-2068.v5