# **EXHIBIT A**

## **SETTLEMENT AGREEMENT**

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is dated as of December __, 2023, by and between Patricia B. Jefferson, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of HP Bennett, LLC (the "Estate"), and Hutchinson Holdings, LLC ("Hutchinson Holdings" and together with the Trustee, the "Parties" and, each, a "Party").

## **RECITALS**

1. On or about June 23, 2022, Ruby Jude City, LLC filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia against HP Bennett, LLC (the "Debtor"), Case No. 22-00106-ELG (the "Bankruptcy Case")

2. On or about October 7, 2022, the Bankruptcy Court confirmed the election of the Trustee as the Chapter 7 trustee of the Debtor's bankruptcy estate.

3. The Debtor owns 906 Bennett Place, Baltimore, MD 21223 (the "Property").

4. Prior to the Bankruptcy Case, a tax certificate for the Property was sold at tax sale in the amount of $26,254.88. On or about May 13, 2019, the Director of Finance for the City of Baltimore sold the tax certificate for the Property to the Mayor and City Council, who thereafter assigned the certificate to Hutchinson Holdings.

5. On or about April 16, 2021, Hutchinson Holdings filed a Complaint to Foreclose Rights of Redemption for the Property in the Circuit Court for Baltimore City, case number 24C21001630 (the "Tax Foreclosure Case"). The Tax Foreclosure Case was dismissed on or about July 19, 2022. The order dismissing the Tax Foreclosure Case was vacated by the Circuit Court on April 5, 2023.

6. On or about July 18, 2023, Ruby Jude filed a Motion to Determine the Value of Hutchinson Holdings' interest in the Property (the "Motion To Value Lien") in the Bankruptcy Case.

7. The Parties have now reached a settlement of the Motion to Value Lien, the terms of which are set forth in this Agreement.

## **AGREEMENT**

NOW, THEREFORE, in consideration of the mutual promises, covenants and conditions hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

1. **Incorporation of Recitals.** The Parties hereto hereby incorporate the foregoing recitals by reference and make them a part of this Agreement and the Parties warrant and represent that all such recitals are true and correct.

2.     **Settlement**. The Parties have agreed, jointly and severally, to resolve the Motion to Value Lien as follows:

   a. Hutchinson Holdings shall be entitled to an allowed, secured claim against the Property in the amount of $45,000 (the "Secured Claim").

   b. Hutchinson Holdings shall be entitled to include the full amount of the Secured Claim as part of the consideration in any purchase the Property from the Estate.

   c. The Trustee shall sell the Property to Hutchinson Holdings or its designee (the "Purchaser") for the total purchase price of $67,500 (the "Purchase Price"), which shall include a credit in the full amount of the Secured Claim, plus $22,500 of cash to the Estate (the "Sale").

   d. The sale shall be free and clear of all liens, claims and interests, provided however that Hutchinson Holdings shall be responsible for payment of (i) any liens senior to Hutchinson Holdings, including any outstanding taxes, and (ii) all closing costs, such that the Bankruptcy Estate shall receive the full amount of $22,500 at closing on the sale of the Property.

   e. Beginning on the Effective Date of the Settlement Agreement, Hutchinson Holdings shall be solely responsible for maintaining insurance coverage for the Property and shall release the Trustee from any obligation to maintain insurance on the Property.

   f. Closing of the Sale shall occur within 10 days after the Effective Date, to be handled by a title company selected by Purchaser.

   g. At the Closing, the Trustee shall deliver to Purchaser a trustee's deed for the Property, containing special warranty of title against claims arising under the Trustee's tenure, and Purchaser shall deliver the Purchase Price to the Trustee.

3.     **Successors and Assigns**.  This Agreement shall be binding upon the Parties and their representatives, successors and assigns and shall inure to the benefit of the Parties and their representatives, successors and assigns.

4.     **Effective Date**.  This Agreement shall become effective upon the execution hereof by the Parties and entry of an unstayed order approving this Agreement by the U.S. Bankruptcy Court for the District of Columbia (the "Court").

5.     **Further Assurances.**  The Parties, without further consideration, agree to execute and deliver such other documents and take such other action as may be reasonably necessary to effectuate this Agreement.

6.     **Binding Effect.**  This Agreement shall inure to the benefit of and be binding upon the Parties and their heirs, personal and legal representatives, successors and permitted assigns.

7. **Fees and Taxes.** The Parties agree to pay their own attorneys' fees and costs in connection with the drafting of this Agreement and the entry of this Agreement. Hutchinson Holdings shall pay all attorneys' fees and costs incurred by the Trustee as a result of any breach of the terms of this Agreement by Hutchinson Holdings. The Trustee shall pay all attorneys' fees and costs incurred by Hutchinson Holdings as a result of any breach or the terms of this Agreement by the Trustee. The Parties further agree that each shall be responsible for any tax consequences generated by the proposed transaction.

8. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and may only be amended by a written instrument executed by all Parties. This Agreement is intended as a final expression of the Parties with respect to such terms as are included in this Agreement, is intended as a complete and exclusive statement of the terms of such Agreement and supersedes all negotiations, stipulations, understandings, agreements, representations and warranties, if any, with respect to such subject matter, which precede or accompany the execution of this Agreement. Each Party acknowledges that in deciding whether or not to enter into this Agreement, it did so without reliance upon any oral or written representations made to it by the other Party, its employees or agents that are not included in this Agreement, and hereby waives any claims of reliance upon any such oral and/or written representations that are not expressly set forth in this Agreement.

9. **Counterparts.** This Agreement may be executed in any number of duplicate originals or counterparts, each of which deemed to be an original and all of which taken together shall constitute a single agreement. The Parties further agree that a signature transmitted electronically or by facsimile may be treated and given the same legal effect as the original.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of Maryland, without regard to choice or conflict of laws principles.

11. **Venue.** The Parties agree that the U.S. Bankruptcy Court for the District of Columbia shall be the appropriate venue for the resolution of any dispute concerning the implementation, enforcement, or construction of this Agreement, and the Parties further agree not to contest the jurisdiction of the Court for any reason.

[*This space intentionally left blank*]

**IN WITNESS WHEREOF**, the undersigned execute this Agreement.

**Hutchinson Holdings, LLC**:

_____
Name: Frank Bowles, sole member

**Patricia B. Jefferson, Chapter 7 Trustee**:

_____
Patricia B. Jefferson, solely as Chapter 7 Trustee
For the Bankruptcy Estate of HP Bennett, LLC