The order below is hereby signed.

Signed: December 22 2023



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| In re:<br><br>    **HP Bennett, LLC,**<br>        Debtor. | Case No. 22-00106-ELG<br>Chapter 7 |
|---|---|
| In re:<br><br>    **Baltimore Harlem Park Investment, LLC,**<br>        Debtor. | Case No. 21-00249-ELG<br>Chapter 11 |

## MEMORANDUM OPINION

The Court has before it two motions for relief from stay (each individually a "Motion for Relief," together, the "Motions for Relief") filed by Hutchinson Holdings, LLC ("Hutchinson") regarding 906 Bennett Place, Baltimore, MD 21223 (the "Property"). Am. Mot. for Relief from Stay, *In re HP Bennett, LLC*, Case No. 22-00106-ELG (Bankr. D.D.C. July 11, 2022), ECF No. 53; Mot. for Relief from Stay, *In re Baltimore Harlem Park Invs., LLC*, Case No. 21-00249-ELG (Bankr. D.D.C. June 26, 2023), ECF No. 89. Hutchinson is the assignee of a tax certificate from the Mayor and City Council of Baltimore (the "Tax Certificate") dated May 13, 2019 for unpaid property taxes owed by HP Bennett, LLC (the "Debtor," and together with Baltimore Harlem Park Investment, LLC, the "Debtors") for the Property. Hutchinson seeks relief from the automatic stay in each of the above-captioned cases to exercise and enforce its state law rights against the Property

1

to collect on the Tax Certificate. Hutchinson has not filed a proof of claim in either of the cases. The Debtors timely objected to each of the Motions for Relief.

On October 18, 2023, the Court held a hearing (the "Hearing") on the Motions for Relief and the *Motion to Determine Value of Property of Hutchinson Holdings* (the "Motion to Determine Value"). Mot. to Determine Value of Property of Hutchinson Holdings, *In re HP Bennett, LLC*, Case No. 22-00106-ELG (Bankr. D.D.C. July 18, 2023), ECF No. 56. At the conclusion of the Hearing the Court issued an oral ruling denying the Motions for Relief. This Memorandum Opinion memorializes that ruling, to the extent there is any inconsistency, this Memorandum shall control.

## I.     Background

This matter involves the chapter 7 case of HP Bennett, LLC ("HP Bennett") and the jointly administered, post-confirmation chapter 11 cases of Baltimore Harlem Park Investment, LLC ("BHPI") and Ruby Jude City LLC ("Ruby Jude"). The three debtors are interrelated—BHPI is the sole member of Ruby Jude, which was the petitioning creditor of HP Bennett's case. At issue is the Tax Certificate in the amount of $26,254.88 on the Property. As stated on its face, under Maryland law, the Tax Certificate would be void unless a proceeding to foreclose the right of redemption was filed within two (2) years of the date of the certificate.

On April 16, 2021, Hutchinson timely filed a Petition to Foreclose Rights of Redemption (the "Foreclosure Action") against Ruby Jude in the Circuit Court of Baltimore City, case number 24-C-21-0001630, against multiple defendants including HP Bennett (the title owner) and Ruby Jude (the holder of the secured debt). BHPI and Ruby Jude filed voluntary petitions for relief in this Court on October 17, 2021, effectively staying the Foreclosure Action. An involuntary petition was filed by Ruby Jude against HP Bennett on June 23, 2022, and the Order for Relief (the "Order

for Relief") was entered on July 20, 2022. Order For Relief in an Invol. Case, *In re HP Bennett, LLC*, Case No. 22-00106-ELG (Bankr. D.D.C. July 20, 2022), ECF No. 6. Hutchinson was listed as a creditor in HP Bennett's case.

On July 11, 2022, Hutchinson filed the Motion for Relief in Ruby Jude's case as to the Property, seeking to exercise its right to foreclose its lien on the Property owned by HP Bennett. ECF No. 87.[1] Despite the pending motion for relief in Ruby Jude's case that was continued multiple times after its filing in July 2022, it was not until June 26, 2023, that Hutchinson filed a Motion for Relief from stay as to the Property in HP Bennett's case. ECF No. 53. The Motions for Relief each raise the same question—whether Hutchinson should be granted relief from the automatic stay in each case to proceed with the Foreclosure Action against the Property. Relatedly is Ruby Jude's Motion to Determine Value, which alleges Hutchinson no longer has a valid secured claim against the Property.

Hutchinson's secured claim to an interest in the Property is based upon the Tax Certificate and the Foreclosure Action. While the Foreclosure Action was timely filed, on July 19, 2022 (the day prior to the entry of the order for relief in HP Bennett's case), the Foreclosure Action was dismissed by order (the "Dismissal Order") entered by the City of Baltimore Circuit Court (the "State Court"). On November 4, 2022, almost a year after the petition date for Ruby Jude and four months after the entry of the Order for Relief against HP Bennett, Hutchinson filed a motion in the State Court seeking to reopen and defer dismissal of the Foreclosure Action "nunc pro tunc" (the "Motion to Reopen"). The chapter 7 trustee of Debtor HP Bennett, LLC filed an opposition to the Motion to Reopen to which Hutchinson responded. On April 5, 2023, the State Court issued an order vacating the Dismissal Order, reinstating the Foreclosure Action, and deferring the dismissal

---

[1] The Motion for Relief was redocketed later that day as "Amended" to correct certain technical deficiencies. The substantive portion of the motion was not modified.

3

"nunc pro tunc" due to suggestion of bankruptcy (the "Order Vacating Dismissal").

At the Hearing, the Court heard the testimony of the CEO of Hutchinson and admitted all proposed exhibits as follows: a docket report from the Foreclosure Action; a copy of the Tax Certificate; a Suggestion of Bankruptcy dated October 21, 2021 in the Foreclosure Action without any docketing information; and a letter from Hutchinson's counsel Andrew W. Gray setting forth a summary of amounts due on the Property dated August 4, 2023 (the "Exhibits"). Neither party introduced any other pleadings from the Foreclosure Action into evidence. Despite this, during closing, counsel for Hutchinson attempted to read into the record language from the Dismissal Order and the Order Vacating Dismissal. As such documents were not properly introduced into evidence, the Court cannot rely upon the language in consideration of the Motions for Relief.[2]

All parties acknowledge that Hutchinson's original complaint on the Foreclosure Action was timely filed, and the Dismissal Order dismissed the case. The question is whether the Order Vacating Dismissal, and thus reinstating the Foreclosure Action, which in turn retained Hutchinson's interest in the Property, is a valid order. If the Order Vacating Dismissal is valid, then Hutchinson retains a secured claim in the Property as set out in the Foreclosure Action. However, if the postpetition Motion to Reopen was a violation of the automatic stay, then anything resulting therefrom would be void. For the reasons stated herein, the Court finds that the Motion to Reopen violated the automatic stay, thus the Order Vacating Dismissal is void *ab initio*, and therefore the dismissal of the Foreclosure Action remains the last, controlling order. As a result,

---

[2] *See* 2 Bankr. Litig. § 8:33, Westlaw (database update Oct. 2023) ("[t]he universe of evidence that a court will consider when deciding an issue will center upon that which is introduced by the parties. . . . A party should ensure that substantial evidence is set forth in its papers or presented at the trial or hearing to ensure that the judge will be satisfied. The failure to do so may result in an adverse ruling . . . While some bankruptcy judges allow a degree of informality in hearings, all the rulings must be supported by competent evidence. . . . Assertions by counsel are not probative evidence. Legal arguments made to the court are not judicial admissions. Arguments of counsel are not evidence."); *see also In re Kearney*, 609 B.R. 383, 390 (Bankr. D.N.M. 2019) ("Arguments of counsel are no substitute for evidence.")

Hutchinson has failed to meet its burden to show a colorable claim to the Property and has failed to establish cause for relief from stay. Because Hutchinson may seek alternative relief, including but not limited to a motion to annul the automatic stay, the Court continues the hearing on the Motion to Determine Value.[3]

## II.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

## III.     Analysis

*i.     The Filing of the Motion to Reopen Violated § 362(a)(1) Stay*

The filing of a bankruptcy petition "'operates as a stay, applicable to all entities,' of efforts to collect from the debtor outside of the bankruptcy forum." *City of Chicago v. Fulton*, 592 U.S. 154, 156 (2021) (citing 11 U.S.C. § 362(a)). "The 'primary purpose' of an automatic stay is to 'effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and to maintain the status quo between the debtor and [their] creditors' so as to 'appropriately resolve competing economic interests in an orderly and effective way.'" *In re Toppin*, 645 B.R. 773, 780 (Bankr. E.D. Pa. 2022) (citing *Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999)). As relevant in this matter, the automatic stay prohibits the commencement or continuation of a judicial proceeding against the debtor that was commenced before the petition date. 11 U.S.C. § 362(a)(1). This stay extends to tax sale certificates. *See, e.g.*, *In re LaMont*, 487 B.R. 488, 497 (N.D. Ill. 2012)

---

[3] The Motion to Determine Value was subsequently continued to January 10, 2024 along with certain other pleadings filed by or on behalf of Hutchinson not germane to this Opinion.

5

(the automatic stay bars a tax certificate purchaser's attempt to enforce its lien); *In re Faitalia*, 561 B.R. 767, 774 (B.A.P. 9th Cir. 2016) (dicta stating that foreclosure of a lien after commencement of a case would violate §§ 362(a)(1), (4), and (6)).

Although the case law is limited on the question, courts appear to uniformly agree that the automatic stay does not prevent a state court from dismissing a case on its docket in a manner not inconsistent with the automatic stay. *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 458 (9th Cir. 1992); *Martin v. Hearst Corp.*, No. 3:12cv1023 (MPS), 2013 U.S. Dist. LEXIS 138060, at *24 (D. Conn. Aug. 5, 2013). In conducting the analysis, two primary purposes for the automatic stay of § 362(a) have been identified: 1) to provide the debtor a breathing spell from its creditors and 2) to provide creditors protection in avoiding a rush to the courthouse. *See Pan Am. World Airways*, 966 F.2d at 459. The State Court's sua sponte dismissal of the Foreclosure Action is consistent with both purposes—it provided the Debtors relief from their creditor and resulted in the Property being brought back into the bankruptcy estate for the benefit of all creditors. Accordingly, the State Court's entry of the Dismissal Order did not violate the automatic stay. Thus, the inquiry turns to whether the Motion to Reopen violated the automatic stay.

Notwithstanding the effect of the automatic stay's prohibition of continuation of judicial proceedings, routine, ministerial acts in pending matters are not considered violations of the automatic stay. *See Soares v. Brockton Credit Union (In re Soares)*, 107 F. 3d. 969, 974 (1st Cir. 1997). A ministerial act is one that is essentially clerical in nature and does not involve judicial function, such as actions taken by court officials fulfilling their duties without discretion. *See id*. Actions in litigation taken outside this limited exception and "in the course of carrying out the core judicial function" violate the automatic stay. *Id*. In general, the ministerial acts exception

contemplates actions taken by a public official, not a private entity such as Hutchinson. *See In re Siegel*, 2014 Bankr. LEXIS 2942, *7 (Bankr. S.D.N.Y. July 9, 2014). The filing of the Motion to Reopen was both an action requiring an overt judicial act and was filed by a third party. Clearly, the filing and prosecution of the Motion to Reopen does not fall within the scope of the ministerial acts exception. As such, the filing and prosecution of the Motion to Reopen violated the automatic stay.

    ii.  *Actions in Violation of the Automatic Stay are Void*

The circuits are split on whether actions taken in violation of the automatic stay are voidable or void. *See Soares*, 107 F. 3d at 976 (collecting cases). This Court agrees with the majority that acts taken in violation of the automatic stay are void. *See Stancil v. Bradley Invs., LLC (In re Stancil)*, 487 B.R. 331, 338 (Bankr. D.D.C. 2013); *see also In re Sklar*, 626 B.R. 750, 762–63 (Bankr. S.D.N.Y. 2021). As a result, any action taken in violation of the stay is void, unless the automatic stay is annulled. Any subsequent actions dependent upon an act that violates the automatic stay themselves also violate the automatic stay and are void. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *In re Vela*, 2009 Bankr. LEXIS 2179, *6-7 (Bankr. E.D.N.Y. 2009); *see also Rothenberg v. Ralph D. Kaiser Co. (In re Rothenberg)*, 173 B.R. 4, 13 (Bankr. D.D.C. 1994). Therefore, not only is Motion to Reopen void because it violated the automatic stay, but all resulting actions are also void, including but not limited to the Order Vacating Dismissal—resulting in the Dismissal Order being the operative order in the State Court.

Notwithstanding the above, the Court notes that the Motions for Relief from stay sought only stay relief, and no alternative form of relief such as annulment. Thus, while the Court finds that the Motion to Reopen and all subsequent acts in the State Court are void, the Court does not reach the question as to whether the stay should be annulled to rehabilitate the stay violation.

IV. **Conclusion**

Therefore, for the reasons set forth herein, the Motions for Relief are DENIED without prejudice. The Motion to Determine Value shall be heard on January 10, 2024 at 10:00 a.m. Eastern. The hearing will be held both in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001 and by Zoom for Government. Parties should contact Aimee Mathewes for the Zoom information and should familiarize themselves with General Order 2023-01, Order Establishing Hearing Protocols Before Judge Gunn.

[Signed and dated above.]

Service to: recipients of electronic filing